HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL B. B. NHYE, Individually, | No. C10-5069 RBL |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO AMEND COMPLAINT |
| DARCI D. CECCANTI, et al., | [Dkt. #40] |
| Defendants. | |

This matter is before the Court on Plaintiff, Michael B. B. Nhye's, Motion for Leave to File Amended Complaint to add various corporate entities as defendants, remove Cindy L. Heimann as a defendant, list additional vehicles that were parked illegally but not towed, and request additional special damages. [Dkt. #40].

After Plaintiff filed the original complaint, Defendants moved to dismiss it for failure to state a claim upon which relief can be granted. [Dkt. #23]. The Court granted the motion to dismiss as to all Defendants except Defendant Heimann.[1] [Dkt. #43]. Plaintiff now seeks to file an amended complaint. [Dkt. #40]. Defendants oppose the motion to amend, arguing that it (1) causes undue delay, (2) is futile, and (3) prejudices the Defendants. [Dkt. #42].

Under FED. R. CIV. P. 15, leave to amend a pleading is to be "freely given when justice so requires." This liberal standard, however, does not mean that amendment is always permitted.

---

[1] The Court did not dismiss Defendant Heimann because "it is at least theoretically possible that plaintiff Nhye could, consistent with the facts alleged in his complaint, . . . establish that Heimann targeted him due to his race." [Dkt. #43].

ORDER - 1

In deciding whether to grant a motion to amend, the Court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment.  *Foman v. Davis*, 37 U.S. 178, 182 (1962).

The amended complaint is futile because it does not cure the defects of the original complaint.  The Court already dismissed most of Plaintiff's claims for failing to state a claim upon which relief can be granted.  [Dkt. #23].  The changes do nothing to cure the original complaint's failure to state a claim, thus the amendment is futile.

The amended complaint is prejudicial to Defendants because they will need to expend more resources in fighting a futile amended complaint.  Because, as stated above, the amendment does nothing to correct the original complaint, Defendants will prevail on a motion to dismiss the amended complaint.  Thus, requiring Defendants to needlessly fight a futile amended complaint is prejudicial.

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**.

DATED this 2nd day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE