HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL B.B. NHYE, Individually,

Plaintiff,

v.

DARCI CECCANTI, et al.,

Defendants.

Case No. CV10-5069 RBL

ORDER GRANTING DEFENDANT HEIMANNS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Heimanns' Motion for Summary Judgment [Dkt. #44]. The case involves a civil rights claim by *pro se* Plaintiff Michael Nhye, an African American, who claims that his admittedly unregistered and illegally parked vehicles were towed, while similarly situated cars owned by white neighbors were not. He claims he was the victim of racial profiling and other discrimination, and seeks damages and punitive damages under 42 U.S.C. §§1981, 1983, 1985 and 1986, and Chapter 49.60 RCW.

The Court previously dismissed Plaintiffs' claims against all Defendants except the officer who was allegedly responsible for towing the vehicles, Deputy Brian Heimann. [Dkt. #43] Defendant Heimann now

ORDER
Page - 1

seeks summary judgment, arguing that Plaintiff has not and cannot establish a prima facie case against him, and that he is entitled to qualified immunity in any event.

**Factual summary.**

Plaintiff's complaint (and his included Declaration, Dkt. #33 ) alleges the following: On July 19, 2009, in response to a neighbor's complaint about Mr. Nhye's vehicles, Deputy Heimann advised the Plaintiff that two of his cars were parked illegally (blocking sidewalks) and had expired tabs. He told Nhye that the cars would be towed if they were not moved. Two other cars were also marked for towing that day, though there were "dozens" of other cars in the vicinity that were either illegally parked or had expired tabs and were not marked for towing. Because he was being discriminated against, Nhye did not feel he had to move the cars, and he did not. According to Plaintiff's Response [Dkt. # 33], he had (somewhat inexplicably) himself called 911 on July 5 to report that a neighbor had parked in front of the neighbor's house, and the Deputies who responded did not tow the offending car.

On July 25, Heimann returned, and wrote a ticket for a car parked in front of a fire hydrant. He also towed two of Plaintiff's illegally parked cars with expired tabs and/or no license plates. Plaintiff claims in his Response [Dkt. # 33] that he did not and to this day does not know where his vehicles are, though he apparently does know that they were towed by "J&J Auto Repair." Plaintiff contends that dozens of cars in his neighborhood are parked illegally and are not subject to towing. He contends his own cars were towed because he is an African American, and the others were not towed because they belong to his white neighbors. Plaintiff does not dispute that his cars were parked illegally or that they had expired tabs and/or no license plates.

Deputy Heimann has now moved for summary judgment, arguing that plaintiff cannot establish the facts supporting his claims, and also arguing that he is immune from the Plaintiff's suit.

**Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**Qualified Immunity**.

Government officials are entitled to qualified immunity from damages for civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. *Id*. at 819. The purpose of qualified immunity is "to recognize that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties." *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). Thus, only gross incompetence is punished; reasonable mistakes are immunized.

In analyzing a qualified immunity defense, the Court must determine: (1) what right has been violated; (2) whether that right was so "clearly established" at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful. *See Gabbert v. Conn*, 131 F.3d 793, 799 (9th Cir.1997); *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir.1996). To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The court should look to whatever decisional law is available to determine whether the law was clearly established at the time the alleged acts occurred. *Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th Cir. 1985).

**Plaintiff Cannot Establish the Violation of a Constitutional Right.**

As an initial matter, Plaintiff's citation to 42 U.S.C. §§1981, 1985, and 1986 is apparently misguided. Those sections relate to discriminations in the making or enforcement of contracts, to civil conspiracies, and to neglecting to prevent a civil conspiracy, respectively. None of these sections is implicated by the Plaintiff's numerous and detailed factual allegations, as a matter of law.

Plaintiff's claims, if they are viable at all, are under 42 U.S.C. §1983. To make out a cause of action under §1983 against an individual defendant, "plaintiffs must plead that (1) [defendants] acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). If Plaintiff makes out such a claim, it must then be determined whether Heimann is nevertheless qualifiedly immune. On the record before the Court, Plaintiff cannot make out his prima facie case of demonstrating a constitutional violation, and he cannot overcome qualified immunity in any event.

Page - 4

According to Plaintiff, Heimann responded to a complaint from his friend, Defendant Ceccanti, and marked the cars for towing. Heimann expressly denies that he knew , communicated with, or was "friends' with Ceccanti.  Plaintiff offers literally no evidence to support this allegation.

Plaintiff admits that Heimann told Mr. Nhye why he marked the cars for towing, and what Nhye had to do to avoid having them towed (i.e., move them).  According to Mr. Nhye, he chose not move the cars because he felt he was being discriminated against due to his race.  He admits the vehicles were parked illegally and were not properly licensed. He does not strenuously deny that such cars are subject to being towed.  A week later, Heimann followed through and had the cars towed.

Nhye's "evidence" in support of his §1983 claim consists entirely of his allegation that the cars were towed due to his race, and that similarly illegally parked cars were not towed, due to the race of thier owners (white).  He does not allege, and has not demonstrated, that the Deputy was aware of the other vehicles parking status, or the race of the other vehicles' owners.

Under these facts, Plaintiff's claims against Deputy Heimann fail as a matter of law.  He has not established a prima facie case under §1983.  Even if he had, there is no evidence or legal support for the necessary demonstration that the law in this area was well established, such that a reasonable officer would have known that his conduct violated the Constitution.  There is no support whatsoever for the theoretical claim that Defendant Heimann should have known that his actions were not constitutional.  Only gross incompetence is punished; reasonable mistakes are immunized.

The Plaintiffs's claims against Mrs. Heimann are purely derivative of her status as Deputy Heimann's wife. In the absence of any viable claim against the husband, Plaintiff can assert no claims against the wife.

Defendants' Motion for summary judgment is GRANTED and Plaintiff Nhye's claims against Deputy Heimann and Mrs. Heimann are DISMISSED WITH PREJUDICE. The clerk shall terminate this matter.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2011.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE